SUCCESSION OF GARCÍA v. THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan, Section 2.

No. 74.—Decided December 13, 1910.

COMMUNITY PROPERTY—DISSOLUTION AND LIQUIDATION OF THE CONJUGAL PARTNERSHIP—OBLIGATIONS CONTRACTED BY THE WIFE.—Until the dissolution of the conjugal partnership and its consequent liquidation, the wife does not acquire any interest therein that may be attached or executed by reason of obligations of a private character other than those for which she can bind the conjugal partnership under section 1323 of the Civil Code.

The facts are stated in the opinion.

*Mr. Eugenio Benítez Castaño* for appellant.

MR. JUSTICE WOLF delivered the opinion of the court.

The marshal of the District Court of San Juan intending to execute and sell at public auction the property belonging

to the judgment debtor, Mercedes Gómez Mandry, requested the registrar of property to record a cautionary notice. In the petition to the registrar the property is set out as being community property, acquired during the marriage by Carlos Gorbea, the husband of said judgment debtor, and the claim is made that one-half of such community property belongs to the said Mercedes Gómez Mandry. The registrar refused to make the record and the judgment creditor, the Succession of José Esteban García, appealed.

It is not contended here that the debt sought to be recovered is one of those for which the wife can bind the conjugal partnership by virtue of section 1323 of the Civil Code, but it is directly maintained that the wife has an actual one-half interest in the community property and that this interest is subject to execution or attachment for a debt of the wife, even if such debt arose, as it did in this case, by reason of a judgment against a succession of which she was a constituent member.

Section 1328 of the Civil Code provides that the express consent of the wife is necessary for the husband to be able to give, sell or bind, for a consideration, the real estate of the conjugal partnership. In the case of *Vivaldi Pacheco v. Domingo Mariani et ux.,* this court, on April 16, 1906, 3 Castro, 215, decided that this provision did not prevent the creditor of the husband from executing against the community property. It was there held that to decide otherwise would be to destroy the power of the husband as administrator of the partnership. A similar view of the same section was taken by the Supreme Court of the United States in the case of *Garrozi* v. *Dastas,* 204 U. S., 79. The upshot of these decisions is that section 1328 of the Civil Code does not change the essential character of the community, but was principally designed to protect the wife from the acts of the husband *in trase.* A creditor of the wife gains no greater rights thereby. Under these circumstances no attachable or executionable interest arises in the wife until a dissolution

of the partnership and the consequent liquidation. (Sections 1310 and 1337 of the Civil Code.) To this effect are the following decisions: Decision of the General Directorate of Registries, September 28, 1884; decision of the same body of April 24, 1879; judgments of the Supreme Court of Spain of October 20, 1880; February 25, 1885; and June 8, 1886. Likewise the decision in the case of *Reade* v. *De Lea*, 95 Pac., 131, a New Mexico case, appears to establish the same principle.

The note of the registrar must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.